FRANK N. DARRAS #128904, Frank@DarrasLaw.com
LISSA A. MARTINEZ #206994, LMartinez@DarrasLaw.com
SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
PHILLIP S. BATHER #273236, PBather@DarrasLaw.com
DARRASLAW
3257 East Guasti Road, Suite 300
Ontario, California 91761-1227
Telephone:   (909) 390-3770
Facsimile:   (909) 974-2121

Attorneys for Plaintiff
EDWARD HENDERSON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD HENDERSON,<br><br>Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>Defendant. | Case No:<br><br>COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE WELFARE BENEFIT PLAN |

Plaintiff alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq.* (hereafter "ERISA") as it involves a claim by Plaintiff for Disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3. Plaintiff is informed and believes and thereon alleges that the FedEx Freight System, Inc. Group Long Term Disability Plan ("Plan") is an employee welfare benefit plan established and maintained by FedEx Freight System, Inc. ("FEDEX") to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, EDWARD HENDERSON ("Plaintiff" and/or "Mr. HENDERSON"), with income protection in the event of a disability and is the Plan Administrator.

4. Plaintiff alleges upon information and belief that Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania, authorized to transact and transacting the business of insurance in this state, and, the insurer and Claims Administrator for the Plan.

5. Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that defendant LINA, who fully insured the policy and who is ultimately liable if Plaintiff is found disabled, may be found in this district. Since on or about November 1, 1956, LINA has been registered as a corporation with the state of California, has extensive contacts within the state, employs California residents, conducts ongoing business within the state and therefore, may be found within the state.

6. At all relevant times Plaintiff was a resident and citizen of the United States, an employee of FEDEX, its successors, affiliates and/or subsidiaries, and a participant in the Plan.

7. Based upon information and belief, Plaintiff alleges that at all relevant times herein Plaintiff was covered under group disability policy number FLK-980042 that had been issued by Defendant LINA to FEDEX to insure its Plan, and the eligible participants and beneficiaries of the Plan, including Plaintiff.

8. The subject Policy promised to pay Plaintiff monthly long term disability benefits for a specified period of time should he become disabled. Therefore, LINA both funds and decides whether claimants will receive benefits under the Plan and as such suffers from a structural conflict which requires additional skepticism.

9. Based upon information and belief, Plaintiff alleges that, according to the terms of the Plan, if Plaintiff became disabled, LINA promised to pay long term disability benefits to Plaintiff as follows:

- Elimination Period: 180 Days
- Gross Disability Benefit:
    - Core Benefit: 60%
    - Optional Benefit: 66.67%
- Minimum Disability Benefit: The greater of $100 or 10% of an Employee's Monthly Benefit prior to any reductions for Other Income Benefits.
- Definition of Disability/Disabled:
    - The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
        - unable to perform the material duties of his or her Regular Job; and
        - Unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Job.
    - After Disability Benefits have been payable for 12 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
        - Unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience, and
        - Unable to earn 80% or more of his or her Indexed Earnings.

10. Prior to his disability under the terms of the Plan, on or about August 16, 2014, Plaintiff, who had been employed with FEDEX, was working as a City Truck Driver.

11. However, Plaintiff became disabled under the terms of the Plan and timely submitted a claim to LINA for payment of disability benefits.

- 3 -
COMPLAINT

12. LINA subsequently paid Plaintiff benefits through February 13, 2016.

13. However, on or about October 1, 2015, LINA unreasonably and unlawfully denied Plaintiff's claim. And, on or about March 11, 2016, LINA unreasonably and unlawfully upheld its denial of Plaintiff's claim.

14. According to LINA's denial letters:

- **October 1, 2015**: "We have completed our review and determined that you no longer remain disabled as defined by your policy…You have the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a) following an adverse benefit determination on appeal."
- **March 11, 2016**: "After completing our review of your claim, we must affirm the previous decision dated October 01, 2015 to deny your claim…Please note that you have the right to bring legal action regarding your claim under the ERISA section 502(a)."

15. In so doing, LINA unreasonably and unlawfully failed to timely identify the medical personnel who reviewed Plaintiff's file; relied upon the opinions of physicians who were financially biased and/or not qualified to refute the findings of Plaintiff's board certified physicians; relied strictly upon physical requirements of occupations instead of taking into consideration the non-exertional requirements of Plaintiff's own, or any, occupation; and misrepresented the terms of the Policy.

16. Additionally, LINA knew, or should have known, that the documentation submitted to and/or obtained by LINA clearly substantiated Plaintiff's disability, including, but not limited to, the following:

- <u>08/25/2014 MRI Lumbar Spine</u>:
  - At L4-5, there is a focal central disc extrusion. There is effacement against the thecal sac with mild canal stenosis. Mild mass effect is demonstrated against each of the nerve roots.

- - At L5-S1, disc desiccation is present. There is a small annular tear noted. Mild disc protrusion is noted…
- 01/30/2015 Office Visit Note from Plaintiff's Treating Physician:
  - Observations:
    - Pnt has moderate difficulty coming from sit to stand. He cannot stand up straight, legs and back are weak. He has 10-15 degrees forward flexion in standing and 10-20 degrees trunk rotation to either side. He has burning, shooting pains into his left hip and LLE occasional radiation into the right hip and RLE.
    - Pt pain and AROM are no better than when he initially started his OP therapy.
- 04/14/2015 Physical Capacities Evaluation Completed by Plaintiff's Treating Physician:
  - Total During Entire 8-Hour Day:
    - Sit: 1 hour
    - Stand/Walk: 1 hour
  - Patient can use hands for repetitive tasks (writing, typing, etc.)
    - Left: No
    - Right: No
  - Does the patient suffer from fatigue?
    - Yes
  - Is there a reasonable medical basis for this patient's fatigue?
    - Yes
  - If yes, is the fatigue disabling to the extent that it would prevent the patient from working full-time at even a sedentary position?
    - Yes
  - Does the patient suffer from pain?

- Yes
  - If yes, is there a reasonable medical basis for this patient's pain?
    - Yes. Failed back Syn. After surgery back pain will never get any better.
  - If yes, is the pain disabling to the extent that it would prevent the patient from working full time at even a sedentary position?
    - Yes
- <u>09/25/2015 Physical Ability Assessment Completed by Plaintiff's Treating Physician</u>:
  - Sitting: Up to 20 minutes
  - Standing: Up to 20 minutes
  - Walking: Up to 20 minutes
  - Reaching: Never
  - Fine Manipulation: Up to 20 minutes
  - Simple Grasp: Up to 20 minutes
  - Lifting: Never
  - Carrying: Never
- <u>09/26/2014 MRI Lumbar Spine</u>:
  - L1/2: Facet Degen/Hypertrophy.
  - L2/3: Foraminal Stenosis, Facet Degen/Hypertrophy.
  - L3/4: Bulging Disc, Foraminal Stenosis.
  - L4/5: Bulging Disc, Annular Tear/HIZ, Foraminal Stenosis.
  - L5/S1: Bulging Disc, Annular Tear/HIZ, Foraminal Stenosis.
- <u>09/26/2014 X-Ray, Lumbar Spine</u>:
  - L5/S1: Degenerative Disc Disease, Spondylolisthesis.
- <u>09/29/2014 Operative Note</u>:
  - Preprocedure Diagnoses:
    - Lumbago

- Lumbosacral spondylosis
- Degeneration of lumbar or lumbosacral intervertebral disc
- Displacement of lumbar intervertebral disc
- Thoracic or lumbosacral neuritis or radiculitis
- Spinal stenosis, lumbar region, with neurogenic claudication
  - Procedure:
    - Intraoperative caudal epidural steroid injection.

17. To date, even though Plaintiff was disabled under the terms of the Plan, LINA has not paid Plaintiff any disability benefits under the Policy since on or about February 13, 2016. The unlawful nature of LINA's denial decision is evidenced by, but not limited to, the following:

- LINA engaged in procedural violations of its statutory obligations under ERISA, including, but not limited to, failing to promptly identify the medical consultants who reviewed his file; failing to timely advise Plaintiff of what specific documentation it needed from him to perfect his claim; and, failing to provide a complete copy of all documents, records, and other information relevant to his claim despite a request by Plaintiff in violation of 29 C.F.R. Section 2560.530-1(h)(2)(iii);
- LINA ignored the obvious, combed the record and took selective evidence out of context as a pretext to deny Plaintiff's claim; and,
- LINA ignored the opinions of Plaintiff's board certified treating physicians and/or misrepresented the opinions of Plaintiff's treating physicians. Deference should be given to the treating physician's opinions as there are no specific, legitimate reasons for rejecting the treating physicians' opinions which are based on substantial evidence in the claim file. Further, LINA's highly conflicted physician's opinion does not serve as substantial evidence, as it is not supported by evidence in the claim file, was not issued by a physician with the same

level of medical expertise as the board certified treating physicians, nor is it consistent with the overall evidence in the claim file.

18. For all the reasons set forth above, the decision to deny disability insurance benefits was wrongful, unreasonable, irrational, sorely contrary to the evidence, contrary to the terms of the Plan and contrary to law. Further, LINA's denial decision and actions heighten the level of skepticism with which a court views a conflicted administrator's decision under *Abatie v. Alta Health & Life Insurance Co.*, 458 F.3d 955 (9th Cir. 2006) and *Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2342 (2008).

19. Additionally, ERISA imposes higher-than-marketplace quality standards on insurers. It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," *Firestone*, 489 U.S., at 113 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B).

20. As a direct and proximate result of LINA's failure to provide Plaintiff with disability benefits, Plaintiff has been deprived of said disability benefits beginning on or about February 14, 2016 to the present date.

21. As a further direct and proximate result of the denial of benefits, Plaintiff has incurred attorney fees to pursue this action, and is entitled to have such fees paid by defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

22. A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plan. Plaintiff seeks the declaration of this Court that he meets the Plan definition of disability and consequently he is entitled to all benefits from the Plan to which he might be entitled while receiving disability benefits, with

reimbursement of all expenses and premiums paid for such benefits from the termination of benefits to the present. In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claim consistent with the terms of the Plan.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. An award of benefits in the amount not paid to Plaintiff beginning on or about February 14, 2016, together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid; plus all other benefits from the Plan to which he might be entitled while receiving disability benefits, with reimbursement of all expenses and premiums paid for such benefits or, in the alternative, a remand for a determination of Plaintiff's claim consistent with the terms of the Plan;

2. An order determining Plaintiff is entitled to future disability payments/benefits so long as he remains disabled as defined in the Plan;

3. For reasonable attorney fees incurred in this action; and,

4. For such other and further relief as the Court deems just and proper.

Dated: September 8, 2016

DarrasLaw



PHILLIP S. BATHER
Attorneys for Plaintiff
EDWARD HENDERSON